**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 4:25-CR-0233-ALM** |
| **vs.** | § | |
| | § | |
| | § | |
| **KEANU DEAVAN WESLEY ORTIZ (1)** | § | |
| | § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On May 14, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Marissa Miller. Defendant was represented by Kevin Ross.

### *Background*

After pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony, Defendant Keanu Deavan Wesley Ortiz was sentenced on January 3, 2018 by United States District Judge Daniel L. Hovland, District of North Dakota. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 30 and a criminal history category of II, was 108 to 135 months. Pursuant to a binding plea agreement, Judge Hovland sentenced Defendant to an imprisonment term of 87 months followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include participation in interpersonal skills training, psychological, psychiatric, and/or sex offender counseling, registration as a sex offender, maintenance of a current inventory of computer access and bills used for internet access,

1

no installation of programs to encrypt data or files, provide probation officer with passwords required to access data compressed or encrypted for storage by computer software, no unauthorized possession of unapproved computer or internet accessible devices, no possession of sexually explicit materials, a search condition, and residential reentry placement, if determined appropriate by the probation officer.  Defendant completed his term of imprisonment and started his term of supervised release on September 3, 2023.  Jurisdiction was then transferred to the Northern District of Texas on October 31, 2023, and to the Eastern District of Texas on January 20, 2026.  The case is now assigned to Chief Judge Amos Mazzant.

### *Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on February 17, 2026, United States Probation Officer Sherry Smith alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1)**: **The defendant must not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested on April 9, 2025 by agents with Homeland Security Investigations after it was learned that he communicated with and sent child exploitive material to a person he knew was a convicted sex offender.  In late 2024, the U.S. Probation Office in the Eastern District of Texas seized an unauthorized cellular telephone from SO-1, who was on supervised release.  An agent with HIS conducted a forensic review of SO-1's cellular telephone and discovered communications between you and SO-1.  On several occasions, Defendant and SO-1 exchanged messages discussing real-life sexual experiences with children and their shared interest in child pornography and exploitation.  Defendant and SO-1 communicated via an internet-based mobile messaging application which

2

utilized end-to-end encryption that only those two could view.  On March 3, 2025, Defendant and SO-1 exchanged messages discussing child pornography, indicating the age preference for children and the degree of "roughness" involved in the conduct. Defendant subsequently sent SO-1 five videos depicting child pornography.  The videos ranged in length from 19 seconds to one minute and 3 seconds, and depicted infants, toddlers, and prepubescent females engaged in sadistic and masochistic conduct with adult males.  On March 7, 2025, SO-1 contacted Defendant and thanked him for sending him the videos depicting child pornography and exploitation, with Defendant acknowledging he provided the videos.  Defendant also advised SO-1 not to save the videos to his cellular telephone.  Defendant was arrested by HIS agents on April 9, 2025 pursuant to a federal arrest warrant.  Defendant was found in possession of a Nokia cellular telephone and a Motorola cellular telephone.  On April 16, 2025, Defendant was named in an Indictment, filed under Docket No. 4:25-cr-89, in the U.S. District Court for the Eastern District of Texas, Sherman Division, charging him with Distribution of Child Pornography, in violation of 18 USC §§ 2252A(a)(2)(A) and (b)(1).

2. **Allegation 2 (standard condition 8): The defendant must not communicate or interact with someone he knows is engaged in criminal activity.  If the defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting permission from the probation officer.**  It is alleged that Defendant violated the terms and conditions of supervised release on March 3, 2025 and March 7, 2025 by knowingly

3

communicating with and engaging in criminal activity with someone he was previously incarcerated with and you knew was convicted of a felony.

3. **Allegation 3 (standard condition 7):  The defendant must not possess or use any computer or other device with access to any online computer service without the prior approval of your probation officer.  This includes any Internet service provider, bulletin board system, gaming system, console or any other public or private computer network or other such device which would enable contact and/or sharing of data with other individuals known and unknown to you.  The defendant must not have access to a modem during your term of supervision without the prior approval of the United States Probation Officer.**  It is alleged that Defendant's probation officer in the Northern District of Texas, Hunter Durham, conducted a home inspection on April 3, 2025 at Defendant's residence in Vernon, Texas.  During that visit, USPO Durham observed an X-Box gaming system in his bedroom.  Defendant previously disclosed possession of the system but claimed that it was password protected and unable to connect to the internet.  Defendant was instructed to turn on the X-Box, and upon compliance, USPO Durham observed the X-Box was connected to the internet with a Wi-Fi connection.  Defendant immediately disconnected the X-Box from the internet and claimed that he did not know how it was connected.  Continuing on April 3, 2025, Defendant was found in possession of an unauthorized cellular telephone.  The phone had a mobile data plan that allowed him to access the internet.  Defendant had previously disclosed possession of the cellular phone but claimed the phone was unable to connect to the internet.  Between late 2024 and April 2025, Defendant used a cellular telephone with online computer

services to send emails and messages via an internet-based mobile messaging application.

4. **Allegation 4 (special condition)**: **The defendant must not possess any materials, including pictures, photographs, books, writings, drawings, computer images, videos or video games depicting and/or describing "sexually explicit conduct" as defined by 18 USC §§ 2256(2) and 2256(8).** It is alleged that Defendant used a cellular telephone on March 3, 2025 to send child pornography videos to another individual. This conduct is alleged in Count 1, Docket No. 4:25-cr-89, Eastern District of Texas.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum sentence the Court may impose is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Distribution of Child Pornography, as alleged in the petition, he is guilty

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

of a Grade A violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The Guidelines, therefore, provide that Defendant's guideline range for a Grade A violation is 12 to 21 months of imprisonment. U.S.S.G. § 7B1.4(a). If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by communicating or interacting with someone known to be a convicted felon without permission from the probation officer, possessing or using a device with access to the internet without prior approval, or possessing materials depicting and/or describing sexually explicit conduct, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months.

### Hearing

On May 14, 2026, Defendant appeared for his final revocation hearing. The parties announced that they reached an agreement for Defendant to enter a plea of true to the allegations in the petition, for the parties to each present argument on an appropriate sentence of imprisonment, and to jointly request no further term of supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the allegations in the petition. The Government requested a sentence of imprisonment of 21 months. Defendant argued for a sentence of imprisonment at the low end of the guideline range. Defendant requested a recommendation to the Bureau of Prisons to confine him at a facility with a sex offender treatment program.

### Findings and Conclusions

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of

6

the evidence that the allegations in the petition are true. Defendant is guilty of a Grade A supervised release violation. I find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 21 months to run consecutive to the sentence imposed in Criminal Action No. 4:25cr89, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the allegations in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 21 months to run consecutive to the sentence imposed in Criminal Action No. 4:25cr89, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to a facility with a sex offender treatment program.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment

for a term of 21 months to run consecutive to the sentence imposed in Criminal Action No. 4:25cr89, with no further term of supervised release.

So ORDERED and SIGNED this 15th day of May, 2026.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE